(No. 3601—

WRIGHT & WAGNER DAIRY CO., A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

BROWN, HAY & STEPHENS, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimant is a foreign corporation, duly organized and existing under and by virtue of the law of the State of Wisconsin. It owns and has in its possession certain trucks which are used in inter-state commerce between the State of Wisconsin and the State of Illinois for transportation of the claimant's own merchandise to certain of its customers located in the State of Illinois; that on or about March 14, 1940 the claimant sent to the Secretary of State of Illinois its application for flat rate fees for certain of its trucks used in hauling its own merchandise from Wisconsin into the State of Illinois. At the same time claimant sent its check payable to the Secretary of State of the State of Illinois, in the amount of One Hundred Fifteen ($115.00) Dollars, and received therefore Illinois license plates to be affixed to its said trucks.

Claimant recites that it was in error in applying for such Illinois license plates for the reason that under the reciprocal agreement existing between Illinois and Wisconsin prior to March 14, 1940, the former does not require that the Wisconsin trucks carry an Illinois license while engaged in inter-state operation if hauling their own merchandise or freight into points in Illinois. Claimant further alleges that said payment by the claimant to the Secretary of State of the State of Illinois was made at a time when the claimant did not know, nor had it received any information concerning the reciprocal agreement entered into by and between the representatives of the States of Wisconsin and Illinois.

Claimant says that said claim has been presented to the Secretary of State of the State of Illinois, but no refund has been made to the claimant and the reason given therefor was

that the Illinois Motor Vehicle Law of the State of Illinois made no provision for refund of fees and also for the further reason that such fees as are received by the Secretary of State of the State of Illinois are deposited with the State Treasurer daily and there is no way that they can be withdrawn by the Secretary of State of the State of Illinois. Claimant further states that it has received no payment on such claim up to the time of filing of the complaint.

The Attorney General has filed a motion to dismiss the complaint for the reason that the claim on its face seeks a refund of a motor vehicle registration fee which has been paid voluntarily and without protest, and that such payment was made under a mistake of law and further for the reason the claimant failed to file a bill of particulars attached to complaint as provided for by Rule 6(a) of the Court of Claims Act.

Where one pays a license fee, without any compulsion or duress, which the law would not compel him to pay, such payment is voluntary and made under a mistake of law and cannot be recovered. *Oswald Jaeger Baking Co.* vs. *State,* 11 C. C. R. 119; *Sacony-Vacuum Oil Co.* vs. *State,* 11 C. C. R. 149; *Central States Dist.* vs. *State,* 11 C. C. R. 417; *Madera Wineries & Dist.* vs. *State,* 11 C. C. R. 632.

Cooley in his work on Taxation (2d ed., p. 809) states the rule as follows:

"That a tax voluntarily paid cannot be recovered back, the authorities are generally agreed. And it is immaterial, in such a case, that the tax has been illegally paid, or even that the law under which was paid was unconstitutional. The principle is an ancient one in the common law, and is of general application. Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as the reason why the State should furnish him with legal remedies to recover it back."

The State constitution provides in Section (7) of article (9) that all taxes levied for State purposes shall be paid into the State Treasury. This last provision is implemented by the State Government Act (Ill. Rev. Stat., 1941, Chap. 127, Par. 171), which requires every board, commission or department collecting money on behalf of the State to pay the same into the State Treasury not later than the next day after collection disregarding holidays and Sundays. The next section following that above mentioned provides a means whereby a taxpayer may, by notice to the State Treasurer, make pay-

ments under protest, in which event the money shall be kept in a protest fund for a period of thirty (30) days during which an injunction or restraining order may be sought for testing the validity of the tax, and providing that such fund shall be held until the final order of the court. Claimants did not comply with this Statute, did not make payments under protest and admit that the moneys they paid have long since been paid to the State Treasurer.

The claimant relies on Section 10i of Chapter 95½ Illinois Revised Statute 1939, which provides as follows:

"If it shall appear that an amount of tax, penalty or interest has been paid which was not due under the provisions of this Act, whether as the result of a mistake of fact or an error of law, then such amount shall be credited against any tax due or to become due under this Act from the person who made the erroneous payments or such amount shall be refunded to such person by the Secretary of State."

Paragraph three of the complaint states that claimant applied for and received a "flat rate" license fee which we interpret as meaning "flat weight" as provided in Paragraph (9B) of said Act.

Paragraph (10K) provides as follows:

"The provisions of Sections 9B to 9K inclusive of this Act, shall not apply to owners who have filed an election to pay a flat weight tax." As added by act approved July 9, 1933, L. 1935, p. 1233.

This section of Chapter 95½ is distinguished from the rule as found in *Progressive Printing and Calendar Co. Inc. vs. State*, 11 C. C. R. 622, cited in claimant's brief and cannot apply to the case at bar for the reason there is no such provision in the Retailer's Occupational Tax prohibiting a refund such as we find in the Motor Vehicle Act under Paragraph 10K.

This court has repeatedly held that the State of Illinois in establishing its Court of Claims merely provided a forum in which claims against the State might be heard, and that the Court cannot properly recommend an award unless there exists some legal basis upon which the State, if it were suable in a court of law might be held liable.

Under the facts recited in the complaint no award could be properly allowed by the court, and the motion of the Attorney General is therefore allowed, and the claim dismissed.